IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN FULLER,

        Plaintiff,

vs.                                                    Case No. 04-3499-JTM

ROGER WERHOLTZ, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

      This matter comes before the court on the defendants' Motion to Dismiss (Dkt. No. 17). For good cause and without objection, the court grants defendants' motion for the reasons set forth herein.

**I. BACKGROUND**

      On December 30, 2004, plaintiff Jonathan Fuller brought this 42 U.S.C. § 1983 action against defendants Kathleen Sebelius, governor of Kansas, and Roger Werholtz, state secretary of corrections.  In his complaint, plaintiff challenges his classification as a sex offender pursuant to Kansas Department of Corrections (hereafter "KDOC") policy as violating various constitutional rights.  At the time of his filing, plaintiff was an inmate in the custody of the KDOC.  Plaintiff had been imprisoned on a fifteen month sentence for Fleeing or Attempting to Elude a Law Enforcement Officer.  Complaint, p. 2.  He was paroled in March and now resides in Emporia, Kansas.  Docs. 12 and 16.  Plaintiff alleges that his post-release supervision period is twelve

months. Complaint, p. 2.

In 1995, plaintiff was convicted on two counts of attempted rape involving children under the age of fourteen.  Complaint, Ex. F and G.  Pursuant to KDOC Internal Policy and Procedure (hereafter "IMPP") 11-115, plaintiff's convictions classified him as a sex offender.  Id.  All persons receiving such a classification are required to participate in the Sex Offender Treatment Program.  See Complaint, Ex. B, Primary Assignment Status.  All such participation is voluntary.  There is no indication that plaintiff has participated in any type of treatment related to these sex crimes.  Complaint, Ex. F.

Plaintiff was given an opportunity to apply for a Sex Offender Override, which would remove sex offender restrictions and programming criteria placed on his incarceration and parole by IMPP 11-115. After reviewing his application and all relevant evidence, the Sex Offender Override Panel denied plaintiff's application and ordered that he continue to be managed as a sex offender per KDOC policy.  Complaint Ex. D.  He appealed this decision to the Secretary of Corrections, but was denied.  Complaint, Ex. N.

Plaintiff now claims that he should not be subject to the restrictions of IMPP 11-115 while on parole.  He claims that these restrictions violate his federal constitutional rights.

## II. STANDARD FOR DISMISSAL

In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and must view them in the light most favorable to the non-moving party.  Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted.

2

Ordinance 59 Ass'n v. United States Dep't of Interior Secretary, 163 F.3d 1150, 1152 (10th Cir. 1998). "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Where a motion is unopposed, the court reads the standard for dismissal in conjunction with Local Rule 7.4 which instructs that a "failure to file a brief or response within the time specified... shall constitute a waiver of the right thereafter to file such brief or response." Further, if a "respondent fails to file a response within the time required...the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

### III. ANALYSIS

Defendants' motion raises two arguments: 1) whether plaintiff has a constitutional right to parole; and 2) whether IMPP 11-115 is reasonably related to legitimate penological interests. For the reasons set forth herein, the court finds in favor of defendants.

### A. Constitutional Right to Parole

In Kansas, there is no constitutional right or entitlement to parole. Parker v. State, 247 Kan. 214, Syl. ¶ 4, 795 P.2d 68 (1990). Parole is a matter of grace exercised by the parole board. Payne v. KPB, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994). In granting parole, the board may impose requirements it deems necessary to successfully manage an offender. Id. Since parole is a privilege, plaintiff is subject to the conditions imposed upon him by the KDOC and the Kansas Parole Board. Since parole is a privilege, plaintiff fails to state a claim upon which relief may be granted.

**B. Penological Interest in Enforcing IMPP 11-115**

In evaluating a prison policy or regulation, the court considers whether the policy is reasonably related to a legitimate penological interest. Thornburgh v. Abbot, 490 U.S. 401, 409-410, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64). The court gives considerable deference to prison officials in regulating the security, control and safe management of prison inmates. Thornburgh, 490 U.S. at 416.

In his response to plaintiff's grievance appeal to the Secretary of Corrections, William Cummings, the secretary's designee, outlined the reasoning behind IMPP 11-115 as follows:

> IMPP 11-115 provides for the manner in which sex offenders are managed while in prison and on parole. IMPP 11-115 also specifies the manner in which an inmate may apply for a waiver of any of the provisions of this policy.
>
> This policy was implemented based on the advice and best judgment of a large number of corrections and sex offender treatment professionals, as well as input from victims of sexual assault. The purpose of the policy is to minimize, as much as is reasonably possible, the opportunities for further victimization of children. Research has demonstrated that sex offenders often have more victims than those identified in the offense for which they are serving a sentence and that they may frequently shift the type of person they victimize based on what opportunities are available.
>
> Sex offenders are incarcerated for sexually victimizing some person. This statistically places them at higher risk for victimizing someone else, particularly if they have not completed treatment. IMPP 11-115 was designed to reduce the likelihood that new victims of sexual abuse will be created.

(Complaint, Ex. N).

The Kansas Court of Appeals recently considered the constitutional validity of IMPP 11-115. In Hill v. Simmons, 33 Kan. App. 2d 318, 101 P.3d 1286 (2004), the petitioner sought habeas corpus relief in an action challenging IMPP 11-115 on many constitutional grounds. The

4

court roundly rejected the challenge to IMPP 11-115, holding that it "served the correctional interests of safety, security, management, and control of the facility and provided for the safety of the community in general." Id. at 319, 101 P.3d 1286. In stating that IMPP 11-115 was "simply an administrative measure designed to enhance . . . the rehabilitation of sex offenders," the court ultimately found the policy to be constitutional in all respects. Id. at 321, 101 P.3d 1286.

This court finds that IMPP 11-115 serves a legitimate penological interest. Plaintiff's past conviction of sex crimes provides a basis for finding him a sex offender. Although his most recent conviction is not a sex crime, his history and failure to participate in treatment provide a legitimate basis for the parole board to apply IMPP 11-115 to him while he is on parole. The parole board provided plaintiff an opportunity to challenge his classification. However, the board's denial of a sex offender override does not in itself create a basis for challenging the constitutionality of an entire regulatory scheme. On the contrary, it demonstrates that some due process protections were provided under the regulatory scheme.

The KDOC policy attempts to balance the rights of the accused with the safety of the public, particularly its children. IMPP 11-115 provides a system in which sex offenders may be managed in prison and in parole through treatment and programming. Considering that plaintiff was given two levels of review and that he failed to complete the recommended treatment program, the court upholds the application of IMPP 11-115 to the case at hand. Furthermore, the court adopts the reasoning of the Kansas Court of Appeals decision in Hill, which found that IMPP 11-115 is constitutional.

IT IS ACCORDINGLY ORDERED this 11th day of July 2005, that the court grants defendants' Motion to Dismiss (Dkt. No. 17).

IT IS FURTHER ORDERED that the court finds as moot plaintiff's motion for default judgment (Dkt. No. 22).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE